# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 19-60533 |
| | ) | Chapter 7 |
| Patricia Pachel, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Gene W. Doeling, as Bankruptcy Trustee | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Rockwell Legal Group, | ) | |
| | ) | |
| Defendant. | ) | Adversary No. _____ |
| _____ | ) | |

Gene W. Doeling, as bankruptcy trustee, by and through his attorney, for his cause of action against the defendant, Rockwell Legal Group, alleges as follows:

1. The debtor filed a Chapter 7 Bankruptcy Petition in the District of Minnesota on August 28, 2019.

2. Gene W. Doeling is the duly appointed and present bankruptcy trustee of this bankruptcy case.

3. The defendant Rockwell Legal Group is a corporation organized under the laws of Arizona with an address at 20 East Thomas Road, Suite 2200, Phoenix, AZ 85012. The defendant solicits business in the state of Minnesota and does business with debtors such as the debtor in this case, in this state.

4. Pursuant to 11 U.S.C. §§ 544 and 548, and Minn. Stat. §§ 332B.09, 322B.13, and 513.47 the plaintiff seeks to recover payments made to the defendant.

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. The venue of this case is proper pursuant to 28 U.S.C. §1408. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157.

6.      On or about May 23, 2018, the debtor entered into one or more agreements with the defendant. The purported purpose of the contract was settlement of the debts of the debtor. The defendant collected approximately $5,125.77 from the debtor between June 2018 and May 2019.

7.      Upon information and belief, the defendant paid approximately $400 to creditors of the debtor. The defendant did issue a refund to the debtor in the amount of $552.15 on or about June 26, 2019.

8.      The defendant is not a licensed financial services provider in the State of Minnesota as required under Minn. Stat. § 332B.

9.      The plaintiff alleges that the transfer of funds to the defendant was for little to no consideration; the debtor received nothing of value or did not receive reasonably equivalent value in exchange for the transfer and funds and therefore it was a fraudulent transfer.

### COUNT ONE - VIOLATIONS OF THE UNIFORM DEBT MANAGEMENT SERVICES ACT

10.      Plaintiff realleges paragraphs 1-9 of this Complaint as if fully enumerated within.

11.      The defendant has violated various provisions of the Uniform Debt Management Services Act, which may be privately enforced through Minn. Stat. §§ 332B.13.

12.      The defendant has charged excessive and illegal fees in violation of Minn. Stat. § 332B.09.

13. That, pursuant to Minn. Stat. § 332B.13, the plaintiff is entitled to restitution in the entire amount of the fees paid to the defendant, as well as attorney's fees, costs, and disbursements expended in pursuing this action, and up to $5,000 in statutory damages.

## COUNT TWO – FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548

14. The defendant committed actual fraud upon the debtor. The defendant persuaded the debtor to transfer the funds to it under the false representation that it was a legitimate service company and would help the debtor eliminate debts. The defendant was aware or should have been aware that under the circumstances of the debtor, that representation was false and it would be unable to perform on its representations.

15. The plaintiff alleges that the defendant attempted to provide illegal services and charge illegal fees to the debtor barred by state law, as previously alleged in paragraphs 1-13 of this Complaint. The fees charged by the defendant were per se not reasonably equivalent value because they were grossly excessive in relation to the "services" provided.

16. The trustee alleges that the debtor made a fraudulent transfer to the defendant by the transfer of funds described. The debtor did not receive reasonably equivalent value for the transfer and the debtor was insolvent. The transfer from the debtor to the defendant was a fraudulent transfer within the meaning of 11 U.S.C. § 548(a)(1)(B).

17. The defendant is not a good faith transferee as contemplated by 11 U.S.C. § 550(e), and therefore, the plaintiff should recover the entire sum transferred to the defendant.

## COUNT THREE – STATE LAW FRAUDULENT TRANSFER

18. As previously alleged herein, the trustee alleges that the debtor made the described transfers to the defendant while she was insolvent and for less than reasonably equivalent value.

19.     These transfers are fraudulent within the meaning of Minn. Stat. § 513.44 and 513.45. The trustee may avoid this transfer under Minn. Stat. § 513.47.

20.     The trustee is authorized to pursue this claim pursuant to 11 U.S.C. § 544.

THEREFORE, Plaintiff respectfully requests that the Court enter Judgment in favor of the Plaintiff against the Defendant in the amount of the transfers of not less than $5,125.77, and award the costs of this litigation including reasonable actual attorney's fees, statutory damages up to $5,000 and for such other and further relief as the court deems fair and just.

Dated this 8th day of January, 2020.

/s/ Gene W. Doeling
Gene W. Doeling
KALER DOELING, PLLP
Attorney for Plaintiff
3429 Interstate Blvd
P.O. Box 9231
Fargo, ND 58106
(701) 232-8757
MN Attorney No. 024239